Case: 25CI1:17-cv-00019-TTG    Document #: <docnum>    Filed: <datefiled>    Page 1 of 10

## Mississippi Electronic Courts
## Hinds County Circuit Court (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:17-cv-00019-TTG

THE SUMMIT HEALTH AND REHAB SERVICES INC v. BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ A PROFESSIONAL CORPORATION DBA BAKER DONELSON
Assigned to: Senior Circuit Judge Tomie Green

Date Filed: 01/11/2017
Jury Demand: None
Nature of Suit: 179 Malpractice - Legal
Jurisdiction: General

**Plaintiff**

THE SUMMIT HEALTH AND REHAB SERVICES INC

represented by John W. Nisbett
Heilman Law Group, P. A.
4266 I-55 North
Suite 106
JACKSON , MS 39211
601-914-1025
Email: jnisbett@heilmanlawgroup.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ A PROFESSIONAL CORPORATION DBA BAKER DONELSON

| Date Entered | # | Docket Text |
|---|---|---|
| 01/12/2017 | 1 | COMPLAINT against BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ A PROFESSIONAL CORPORATION DBA BAKER DONELSON, filed by THE SUMMIT HEALTH AND REHAB SERVICES INC. (Attachments: # 1 Civil Cover Sheet) (KP) (Entered: 01/12/2017) |
| 01/12/2017 | 3 | SUMMONS Issued to BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ A PROFESSIONAL CORPORATION DBA BAKER DONELSON. (KP) (Entered: 01/12/2017) |
| 01/24/2017 | 4 | SUMMONS Returned Executed by THE SUMMIT HEALTH AND REHAB SERVICES INC. BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ A PROFESSIONAL CORPORATION DBA BAKER DONELSON served on 1/24/2017, answer due 2/23/2017. Service type: Personal (Nisbett, John) (Entered: 01/24/2017) |



EXHIBIT A

**FILED**
**JAN 11 2017**
ZACK WALLACE, CIRCUIT CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

THE SUMMIT HEALTH AND
REHAB SERVICES, INC.                                        PLAINTIFF

v.                                    CIVIL ACTION NO. 17-19

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, A
PROFESSIONAL CORPORATION
d/b/a BAKER DONELSON                                        DEFENDANT

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff The Summit Health and Rehab Services, Inc., through counsel, files this Complaint against Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation d/b/a Baker Donelson, and as grounds states to the Court as follows:

### I.

### PARTIES

1.1   Plaintiff The Summit Health and Rehab Services, Inc. ("Plaintiff") is a Mississippi corporation registered with the Mississippi Secretary of State's Office to conduct business in Mississippi.

1.2   Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation d/b/a Baker Donelson ("Defendant") is a limited liability company registered with the Mississippi Secretary of State's Office to conduct business in Mississippi with its principal place of business located at 100 Vision Drive, Suite 400, Jackson, Mississippi, and which may be served with process through its registered agent, Scott Pedigo, 100 Vision Drive, Suite 400, Jackson, Mississippi 39211.

## II.

### JURISDICTION AND VENUE

2.1 The Circuit Court of Hinds County, Mississippi, has jurisdiction of the subject matter of this action.

2.2 Venue of this action is proper in the Circuit Court of Hinds County, Mississippi, First Judicial District, because the facts giving rise to this action occurred in whole or in part in the First Judicial District of Hinds County, Mississippi.

## III.

### FACTS

3.1 This lawsuit arises from Plaintiff's detrimental reliance on the legal services provided by Defendant, which resulted in Plaintiff's inability to bill Medicare for rehabilitation services provided at four veterans homes located in Alabama (collectively referenced herein as "Subject Facilities"[1]) from April 1, 2015, until the date of CMS's surveys required for successful completion of the provider enrollment process for each Subject Facility.

3.2 On or about March 18, 2013, Plaintiff retained Defendant's legal services for the purpose of securing legal advice and guidance through the process of obtaining provider enrollment for the Subject Facilities in the coming years. At the time, Plaintiff was negotiating for a contract to provide physical speech and occupational therapy services for veterans at the Subject Facilities. At the outset of the Defendant's agreement to represent Plaintiff, the procedures necessary for provider enrollment were discussed, including but not limited to the process for obtaining a Certificate of Need ("CON") with the State of Alabama as well as the need for Plaintiff

---

[1] The four subject facilities and their coinciding survey dates are as follows: Col. Robert L. Howard State Veterans Home – Pell City, AL (August 31, 2015); Floyd E. "Tut" Fann State Veterans Home – Huntsville, AL (August 31, 2015); Bill Nichols State Veterans Home – Alexander City, AL (September 7, 2015); and William F. Green State Veterans Home – Bay Minette, AL (October 15, 2015).

2

to obtain a Medicare provider number for use by the Subject Facilities. Defendant represented to Plaintiff that Defendant possessed the ability to assist Plaintiff with this process and agreed to do so. Plaintiff relied on Defendant's representations.

3.3    In the fall of 2014, Plaintiff received notice that it had been awarded the contract as described above. On or about December 20, 2014, Defendant directed Plaintiff to primarily coordinate with one of its attorneys in particular regarding the ongoing enrollment process. This attorney thereafter maintained primary communications with Plaintiff on behalf of Defendant. Plaintiff inquired of Defendant early in the process regarding whether it could provide services through the Subject Facilities prior to issuance of a provider number and thereafter retroactively bill ("retro bill") Medicare for the services. The issue of whether Plaintiff could retro bill for rehab services provided prior to finalization of the provider enrollment process significantly impacted Plaintiff's ability and willingness to provide rehab services at the Subject Facilities beginning April 1, 2015. Verbal and written assurances that Plaintiff would indeed be able to retro bill for services provided during this time period were given by Defendant on numerous occasions. Based on these assurances, Plaintiff planned to begin providing services at the Subject Facilities on April 1, 2015. In further reliance on Defendant's assurances, Plaintiff determined that it did not need to consider additional options for expediting the provider enrollment process.

3.4    On February 9, 2015, Defendant emailed Plaintiff referencing prior "discuss[ions] [regarding] assisting [Plaintiff] in [its] efforts to receive a provider number" from the Alabama Department of Public Health ("ADPH"). Defendant advised that a conference should be scheduled if Plaintiff "still wish[ed] to have . . . assistance[.]" At this point in time, Defendant researched the retro billing issue as part of its efforts to assist Plaintiff.

3.5     Subsequently, in early February of 2015, Plaintiff discussed with Defendant the CMS-855A application process. In contradiction with earlier discussions between Plaintiff and Defendant regarding the CMS-855A application process, Defendant advised that it "did not file those applications" and that Plaintiff would need to file the CMS-855A itself or find someone else to help. This news concerned Plaintiff because Defendant had assured Plaintiff from the outset of the employment relationship that Defendant could and would help Plaintiff with the entire process, including submission of the CMS-855A application. Had Defendant not made this representation to Plaintiff, Plaintiff would have secured different legal counsel to assist Plaintiff with the entire process. During this same discussion, Plaintiff again asked Defendant for legal advice regarding whether Plaintiff would be able to retro bill and obtain payment for services provided at the Subject Facilities prior to approval of the CMS-855A. Defendant advised that Plaintiff should be fine to retro bill and receive payment for such services. Plaintiff detrimentally relied on Defendant's legal advice that Plaintiff should be fine to retro bill and receive payment for such services.

3.6     Thereafter, Plaintiff continually followed up with Defendant on numerous occasions to confirm Plaintiff's ability to retro bill for services provided prior to approval of the CMS-855A. Defendant always responded that "if [Plaintiff] had been able to retro bill in the past, [Plaintiff] should be able to retro bill now," and that Defendant would continue to research the issue.

3.7     On February 16, 2015, Plaintiff submitted its CMS-855A application without the assistance of Defendant despite the fact that Defendant had previously informed at the outset of its representation of Plaintiff that Defendant would assist Plaintiff with this process.

3.8     On April 1, 2015, as planned, Plaintiff began providing services at the Subject Facilities.

4

3.9 On or about April 13, 2015, Plaintiff received notification that its CMS-855A had been approved; however, Plaintiff also was notified that its application was approved for only one of the Subject Facilities (Col. Robert L. Howard) due to CMS regulations of which Plaintiff was unaware. This meant that Plaintiff would be required to obtain additional provider numbers for each of the other three Subject Facilities and could not utilize a single provider number for each.

3.10 On April 17, 2015, Plaintiff emailed Defendant to yet again confirm that Plaintiff would be able to retro bill for services rendered before being granted a provider number. Defendant responded by stating that Defendant "assumed so, yes." Plaintiff continued to rely on Defendant's assurances that Plaintiff could retro bill and receive payment for services rendered before being granted a provider number.

3.11 During this period of time, Plaintiff also had multiple telephone discussions with Defendant wherein Defendant assured Plaintiff there was "nothing to worry about" with regard to the retro billing issue. At all times, Plaintiff continued to rely Defendant's assurances that Plaintiff would be able to retro bill and receive payment for services rendered before being granted a provider number.

3.12 On April 21, 2015, Defendant notified Plaintiff for the first time that Defendant was no longer sure about Plaintiff's ability to retro bill and receive payment for services rendered before being granted a provider number. Defendant nevertheless assured Plaintiff that Defendant would get a firm answer for Plaintiff "by the morning." Despite this assurance, Defendant did not provide any additional information the following morning, and Plaintiff continued to rely on Defendant and await Defendant's response with the understanding that Defendant would advise immediately if Plaintiff could not retro bill and receive payment for services rendered before being granted a provider number.

3.13 On April 22, 2015, Plaintiff submitted CMS-855A forms for each of the three remaining Subject Facilities but faced delays in receiving approval and issuance of the necessary provider numbers for each facility. Nevertheless, Plaintiff continued to rely on Defendant's prior assurances not to worry and that Defendant would alert Plaintiff if Plaintiff was prohibited from receiving payment for services rendered prior to receiving the three additional provider numbers. Even at this point in time, had Defendant informed Plaintiff that Plaintiff was prohibited from receiving payment from CMS for services provided prior to final approval, Plaintiff would have taken measures to expedite the required survey process so that Plaintiff would receive provider numbers for the three remaining Subject Facilities much sooner than what ultimately occurred.

3.14 On June 25, 2015, Defendant advised Plaintiff via email that Defendant was "[s]till working on [Plaintiff's] question about billing, should have an answer in the next day or so." Again, Plaintiff continued to rely on Defendant's assurances. Also on June 25, 2015, Defendant informed Plaintiff as follows: "I talked with one of our lawyers in Washington, DC today and she is optimistic that you will be paid, but that she needs to see your 855 form before she can know for sure. If you would send that to me, I'll forward along to her. She also said she is very close with the people in the Enrollment division of CMS, and that she can help if there are problems. I was encouraged by the conversation[.]" Plaintiff complied with Defendant's request as soon as possible and, in the meantime, continued to rely on Defendant's assurances that Defendant's D.C. counsel was "very close with the people in the Enrollment division of CMS" and could "help if there [were] any problems."

3.15 Over two weeks later, on July 10, 2015, Defendant advised Plaintiff that it was scheduled to have a call the following Monday with Defendant's D.C. counsel who, according to Defendant, possessed special expertise with issues such as the retro billing issue. Despite

6

Plaintiff's request for information regarding retro billing since as early as February, 2015, Defendant did not schedule this call with its D.C. counsel to obtain additional information regarding retro billing until this point in time.

3.16  On July 13, 2015, Defendant advised Plaintiff that Defendant's D.C. counsel was optimistic Plaintiff would be paid for retro billed services. Defendant again assured Plaintiff that should any payment issues with CMS arise, Defendant's D.C. counsel was very close with CMS's Enrollment Division and could help with any problems. Defendant finished the email by again stating that Defendant felt encouraged by the conversation with Defendant's D.C. counsel. Plaintiff continued to rely on these assurances made by Defendant.

3.17  On July 21, 2015, having not heard back from Defendant, Plaintiff again followed up with Defendant regarding the retro billing issue. Defendant responded by stating that Defendant's D.C. counsel was still analyzing the issue but that Defendant would have an answer by the end of the week (July 25, 2015). Defendant failed to provide Plaintiff with an answer, as promised, by July 25, 2015.

3.18  Finally, on July 28, 2015, Defendant's D.C. counsel advised Plaintiff that based on Defendant's investigation, Plaintiff was prohibited from receiving payment from CMS for services rendered prior to final approval and receipt of the provider numbers. Plaintiff therefore learned for the first time that it would only be allowed to bill and receive payment from CMS for services provided subsequent to the survey date for each of the Subject Facilities. Upon receiving this news, Plaintiff was shocked and distraught because Plaintiff had been providing rehab services through the Subject Facilities since April 1, 2015, in reliance on Defendant's assurances, as described above.

3.19   On July 31, 2015, the attorney who had primarily been acting on behalf of Defendant abruptly advised Plaintiff that it was the attorney's last day of employment with Defendant.

3.20   Ultimately, Plaintiffs were unable to obtain CMS reimbursement for the services described herein, causing significant damage to Plaintiff's business.

## IV.

## CAUSES OF ACTION

### Count One: Legal Malpractice

4.1   Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Defendant maintained an attorney-client relationship with Plaintiff. Based on the foregoing, Defendant breached its obligations to Plaintiff. Defendant's breach proximately caused significant damage to Plaintiff.

### Count Two: Breach of Contract

4.2   Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. An enforceable contract existed by and between Plaintiff and Defendant. Plaintiff paid attorney's fees to Defendant pursuant to this contract. Defendant breached its contract with Plaintiff through Defendant's actions as stated herein. Defendant's breaches proximately caused foreseeable damage to Plaintiff, as stated herein.

### Count Three: Breach of Fiduciary Duty

4.3   Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Plaintiff entrusted Defendant with the payment of funds for attorney's fees. Defendant held a position of trust and confidence with Plaintiff. Defendant breached its fiduciary duties owed to Plaintiff. Plaintiff suffered damages as a result of Defendant's breach of

these fiduciary duties. As a result, Defendant is liable to Plaintiff for all damages sustained by Plaintiff.

### Count Four: Negligent Misrepresentation

4.4    Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Defendant's actions described herein constitute material misrepresentations and/or omissions. Defendant failed to exercise the degree of diligence and expertise that the Plaintiff, as its client, was entitled to expect of Defendant. Plaintiff reasonably relied on the misrepresentation and/or omission and as a direct and proximate result suffered damages.

### Count Five: Unjust Enrichment

4.5    Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Based on the foregoing, Defendant has been unjustly enriched by its attainment of attorney's fees paid by Plaintiff. Defendant should be disgorged of these fees to which Defendant should not be entitled.

### Count Five: Breach of the Duty of Good Faith and Fair Dealing

4.6    Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Defendant breached its duty to deal with Plaintiff in good faith. Defendant acted with gross disregard for the rights of Plaintiff and failed to act in the best interest of Plaintiff. Defendant's breaches proximately caused foreseeable damage to Plaintiff, as stated herein.

### Count Six: Grossness

4.7    Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. The actions and/or inactions of Defendant as described herein were

9

so careless as to amount to grossness thereby entitling Plaintiff to recovery of punitive damages, costs, and attorneys' fees. As a proximate cause of Defendant's wantonness, Plaintiff is entitled to recovery of compensatory damages.

## V.

## DAMAGES

1. **Disgorgement of Fees.** Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Based on the foregoing, Defendant should be disgorged of the attorney's fees paid to it by Plaintiff.

2. **Consequential Damages.** Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Based on the foregoing, Plaintiff has suffered damages in excess of $1,000,000 due to Defendant's misconduct as described herein.

3. **Punitive Damages.** Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. As a result of Defendant's gross disregard of Plaintiff's rights, and in order to serve as an example and to prevent other such future conduct, Plaintiff is entitled to punitive damages against Defendant in an amount in accordance with their net worth and other factors as instructed by the Court and as determined by the jury.

4. **Attorneys' Fees, Legal Expenses, Court Costs, Prejudgment Interest, and Postjudgment Interest.** Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. As a result of Defendant's gross disregard of Plaintiff's rights, and in order to serve as an example and to prevent other such

future conduct, Plaintiff is entitled to reimbursement of attorneys' fees, legal expenses, court costs, prejudgment interest, and postjudgment interest.

## VI.

## PRAYER FOR RELIEF

6.1  Plaintiff re-alleges and incorporates by reference the factual allegations as set forth in the foregoing paragraphs. Pursuant to the Mississippi Rules of Civil Procedure, Plaintiff requests that all issues of fact in this case be tried by a jury. Plaintiff prays for judgment against Defendant, as follows:

1. For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the damages it has sustained; including but not limited to those set forth above;

2. For all additional general and special damages caused by the conduct of Defendant;

3. For the costs of litigating this case; including attorneys' fees and expenses;

4. For all prejudgment and post judgement interest allowable by law;

5. For punitive damages sufficient to punish Defendant for its gross misconduct and to deter Defendant from repeating such misconduct, as well as to deter others defendants in other actions faced with similar circumstances in comparison to Defendant; and

6. For all other relief to which Plaintiff is entitled by Mississippi law.

This, the 11th day of January, 2017.

Respectfully submitted,

John W. Nisbett
COUNSEL FOR THE SUMMIT HEALTH AND
REHAB SERVICES, INC.

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
John W. Nisbett (MSB No. 103120)
HEILMAN LAW GROUP, P.A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: (601) 960-4200
mheilman@heilmanlawgroup.com
jnisbett@heilmanlawgroup.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court       Form AOC/01
Administrative Office of Courts       (Rev 2016)

**Court Identification Docket #** | **Case Year** | **Docket Number**

Month   Date   Year
*This area to be completed by clerk*       Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual
Last Name _____ First Name _____ Maiden Name, if applicable _____ M.I. _____ Jr/Sr/III/IV _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business **The Summit Health and Rehab Services, Inc.**   (Incorporated in Mississippi)
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** _____

Attorney (Name & Address) **John W. Nisbett, 4266 I-55 N., Ste. 106, Jackson, MS 39211**       MS Bar No. **103120**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual
Last Name _____ First Name _____ Maiden Name, if applicable _____ M.I. _____ Jr/Sr/III/IV _____

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business **Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

**X** Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A **Baker Donelson**

Attorney (Name & Address) - If Known _____       MS Bar No. _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion | Eminent Domain |
| Divorce: Fault | Employment | Minor Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other _____ | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other _____ | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other _____ |
| Separate Maintenance | Birth Certificate Correction | Other _____ | **Torts** |
| Term. of Parental Rights-Chancery | Mental Health Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | Breach of Contract | Fraud |
| Other _____ | Guardianship | Installment Contract | Intentional Tort |
| **Appeals** | Heirship | Insurance | Loss of Consortium |
| Administrative Agency | Intestate Estate | Specific Performance | [X] Malpractice - Legal |
| County Court | Minor's Settlement | Other _____ | Malpractice - Medical |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | Mass Tort |
| Justice Court | Name Change | Bond Validation | Negligence - General |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Negligence - Motor Vehicle |
| Municipal Court | Will Contest | Declaratory Judgment | Product Liability |
| Other _____ | Alcohol/Drug Commitment | Injunction or Restraining Order | Subrogation |
| | | Other _____ | Wrongful Death |
| | | | Other _____ |

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

THE SUMMIT HEALTH AND
REHAB SERVICES, INC.                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 17-19

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, A
PROFESSIONAL CORPORATION
d/b/a BAKER DONELSON                                      DEFENDANT

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:    Baker, Donelson, Bearman, Caldwell & Berkowitz,
       a Professional Corporation d/b/a Baker Donelson
       Registered Agent: Scott Pedigo
       100 Vision Drive, Suite 400
       Jackson, Mississippi 39211

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to: John W. Nisbett, attorney for Plaintiff whose address is HEILMAN LAW GROUP, P.A., Meadowbrook Office Park, 4266 Interstate 55 North, Suite 106, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this 12 day of January, 2017.

CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

By: _____
    Deputy Clerk

*[Seal: Circuit Court, Hinds County, Miss.]*

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

THE SUMMIT HEALTH AND
REHAB SERVICES, INC.                                                   PLAINTIFF

v.                                      CIVIL ACTION NO. 17-19

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, A
PROFESSIONAL CORPORATION
d/b/a BAKER DONELSON                                                   DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HINDS

TO:   Baker, Donelson, Bearman, Caldwell & Berkowitz,
      a Professional Corporation d/b/a Baker Donelson
      Registered Agent: Scott Pedigo
      100 Vision Drive, Suite 400
      Jackson, Mississippi 39211

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to: John W. Nisbett, attorney for Plaintiff whose address is HEILMAN LAW GROUP, P.A., Meadowbrook Office Park, 4266 Interstate 55 North, Suite 106, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this 12 day of January, 2017.

CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

By: _____
    Deputy Clerk

## PROOF OF SERVICE

**Baker Donelson**
Name of Person or Entity Served

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

✓ **PERSONAL SERVICE:** I personally delivered copies to _Scott Pedigo at Baker Donelson_ on the _24th_ day of _January_, 2017, where I found said person(s) in _Hinds_ County of the State of _Mississippi_.

___ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE:** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

___ **CERTIFIED MAIL SERVICE:** By mailing to an address outside Mississippi, copies to the person served.

At the time of service I was at least 19 years of age and not a party to this action.

Name _Bethany Demey_
Address _4266 I-55 N. Ste. 106_
_Jackson, MS 39211_
Telephone No. _601-914-1075_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Bethany Demey_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Bethany Demey_
Process Server

Sworn to and subscribed before me this the _24th_ day of _January_, 2017.

_Rachel E. Nesbit_
Notary Public

My Commission Expires:

[Notary Seal: RACHEL E. NESBIT, ID No 64043, NOTARY PUBLIC, Comm Expires September 16, 2017, MADISON COUNTY, STATE OF MISSISSIPPI]

3